THE FLEISCHMANN TRANSPORTATION CO., ETC.,
*v.* BISHOP, ET AL., ETC.

*Evidence — Proof of damages or value — Presumptions — Facts within knowledge of jury — Municipal court of Cincinnati — Jury — Section 1558-15, General Code — Constitutional law.*

1. In an action for damages it is not necessary for plaintiff to prove the precise value or amount of damages sustained, but he must prove all necessary facts upon which a jury can base an opinion.
2. Where the matter is within the common observation and general knowledge the jury may determine the value, and the fact that no evidence was presented to them in such cases upon the question of value is insufficient to defeat a verdict. But where the value of the matter in dispute is not presumptively within the knowledge of the jury, testimony should be presented to govern the jury in making their findings.
3. The value of labor and material necessary to install a new radiator in a White automobile truck is not presumptively within the knowledge of the jury.
4. Section 1558-15, General Code, which provides for a jury of six men in civil actions in the municipal court of Cincinnati, is void, being in violation of Section 5, Article I of the Constitution of Ohio.

(Decided November 24, 1919.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Samuel I. Lipp,* for plaintiff in error.

*Mr. Wm. A. Stark* and *Mr. John W. Peck,* for defendants in error.

*Mr. Saul Zielonka,* city solicitor of Cincinnati, *amicus curiae.*

SHOHL, P. J. Plaintiff in error brought an action against defendants in error in the municipal court of Cincinnati for causing damages to its White automobile truck. A trial was had, at which

defendants seasonably demanded a jury consisting of twelve men. The trial court refused this demand, under Section 1558-15, General Code, and the verdict of a jury of six was in favor of the plaintiff in the sum of $142.68. Error was prosecuted to the court of common pleas, where the case was reversed and a new trial ordered.

To sustain the judgment of reversal by the court of common pleas, two propositions are advanced. It is contended, first, that proof of damage is lacking. In the trial there was no evidence admitted as to what was the fair and reasonable value of the material, including the new radiator, and the labor required to repair the truck. Nor was there any evidence as to the amount of labor. While it is not necessary for a plaintiff to prove the precise value or amount of damages sustained, he must prove all necessary facts, upon which the jury can base an opinion, and if the matter is within the common observation and general knowledge the jury may determine the value; and the fact that no evidence was presented to them in such cases upon the question of value is insufficient to defeat a verdict. *Hossler* v. *Trump,* 62 Ohio St., 139; *Sayler, Exr., v. Sellers,* 2 Ohio App., 439, 19 C. C., N. S., 206; *Duhme Jewelry Co.* v. *Hazen,* 6 C. C., N. S., 606; *McIntyre's Exr.* v. *Garlick,* 8 C. C., 416, and 1 Sutherland on Damages (4 ed.), 1444.

But, where the value of the matter in dispute is not presumptively within the knowledge of the jury because of their experience or observation, testimony should be presented to govern the jury in making their findings. The value of labor and material necessary to install a new radiator in a

White automobile truck is not presumptively within the knowledge of the jury. The evidence of damage, therefore, was insufficient to sustain the verdict and judgment.

As to the second question, the right of the defendant in the trial court to have a jury of twelve men is directly raised in this case, and if we were not to pass upon it there would be no guide to govern the trial court in the conduct of the new trial in that respect. The municipal court of Cincinnati is a court of record. (Section 1558-1, General Code.) The statute creating it contains no provision for an appeal that corresponds to the appeal from the judgment of a justice of the peace. It has jurisdiction in cases involving amounts not in excess of six hundred dollars. Section 15 of the act as originally passed provides that a jury shall be composed of twelve men, unless the parties agree on a less number. (103 Ohio Laws, 284.) This section was amended in 104 Ohio Laws, 188, and in 106 Ohio Laws, 482, which provide that in all civil actions where a jury is demanded it shall be composed of six men, having qualifications of electors.

Section 5, Article I of the Constitution of Ohio as amended September 3, 1912, provides:

"The right of trial by jury shall be inviolate, except that, in civil cases, laws may be passed to authorize the rendering of a verdict by the concurrence of not less than three-fourths of the jury."

Prior to the amendment the section read:

"The right of trial by jury shall be inviolate."

The case then requires a determination of what is meant by the phrase "the right of trial by jury."

It has always been the law of this state that in civil cases, for the recovery of more than twenty dollars, a party could obtain a trial by a jury of twelve. The leading case on this subject, and one that is a landmark in the constitutional law of Ohio, is *Work* v. *State,* 2 Ohio St., 297. There the court decided that a law providing for the trial of a criminal case by a jury of six in the probate court was unconstitutional. The court, speaking through Ranney, J., say:

"If the power exists to diminish the number of the jury, it may be applied to all cases, and it may be reduced to two as well as to six. * * * If it had been deemed safe to leave it to the discretion of the general assembly, no constitutional provision was needed; but, whether needed or not, it has been ordained by a power which both the general assembly and this court are bound to obey."

The constitutional number of a jury was determined to be applicable in civil cases in the case of *Lamb et al.* v. *Lane,* 4 Ohio St., 167, where the court, speaking through Chief Justice Thurman, said at page 177:

"That the term 'jury,' without addition or prefix, imports a body of twelve men in a court of justice, is as well settled as any legal proposition can be."

The statutes of Ohio have provided for a jury of six men in the trial of cases before justices of the peace. (Section 10324, General Code.) And such statutes have been upheld. As Ranney, J., states in conclusion in *Work* v. *State, supra,* so long as an appeal is provided to the common-law courts from the determination of such tribunal, it is clear no constitutional objection can arise. And this dis-

tinction was adverted to by Chief Justice Thurman in *Lamb* v. *Lane,* at page 180:

"For the same reason that a cause may be tried by a justice of the peace, without a violation of the constitutional provision securing the right of trial by jury, provided such trial by jury can be obtained by an appeal, there may be an assessment by the viewers of a road, or other commission, if an appeal and proper jury trial be allowed."

See also *Norton* v. *McLeary,* 8 Ohio St., 205, 209, and *Warner* v. *The B. & O. Rd. Co.,* 31 Ohio St., 265, 268.

The judgment of such tribunal is appealable. (Sections 10382, 10354 and 10396, General Code.)

In *Miller, Recr.,* v. *Eagle,* 96 Ohio St., 106, the court had before it the Dayton municipal court act (103 Ohio Laws, 390), which authorizes a jury of six men, but which provides for a jury of twelve men by specifying that number in a written demand. The court say, at page 108:

"It is to be observed that this section provides for a jury composed of twelve men, such a jury as was contemplated by the framers of the constitution."

Section 15 of the municipal court act, as amended 104 Ohio Laws, 188, and 106 Ohio Laws, 482, provides for trials in cases involving amounts in excess of twenty dollars and deprives litigants of the right to a trial by a jury of twelve men. It violates Section 5, Article I of the Constitution of Ohio, and is null and void.

The judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*

Hamilton and Cushing, JJ., concur.